NOT FOR PUBLICATION FOR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| PATRICK A. JONES, | |
| Plaintiff, | Civil Action No. 10-00088-KSF |
| v. | |
| M. DANIELS, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Patrick A. Jones is confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. Jones has submitted a motion seeking *in forma pauperis* status, R. 11; a notice certifying payment of $1.85, R. 12; a motion seeking post-judgment relief from judgment; a motion to amend his Complaint; a motion for a temporary restraining order; and a motion to recuse the former presiding judge, R. 13-16. The Court will deny as moot Jones' motion for *in forma pauperis* status and his motion seeking recusal, and will deny the other motions on the merits.

BACKGROUND

On March 26, 2010, Jones filed this *pro se* civil action asserting various constitutional claims, naming several USP-McCreary officials as defendants. Jones challenged various aspects of a recently revised Bureau of Prisons' ("BOP") policy, Program Statement ("PS") 5265.13, which authorizes federal prison officials to monitor inmate e-mail with outside persons, and requires inmates to affix computer-generated mailing labels bearing the name and address of the

addressee on all outgoing mail. Jones claimed the BOP's mailing label requirement restricted his ability to send mail and access the courts. He sought compensatory and punitive damages from each defendant, and an emergency injunction prohibiting USP-McCreary officials from enforcing the mailing label requirement and other security measures contained in PS 5265.13.

In addition to asserting numerous First Amendment challenges to PS 5265.13, Jones also claimed that USP-McCreary staff prevented him from filing administrative grievances about TRULINCS; challenged two disciplinary convictions[1]; and challenged the June 30, 2009 confiscation of photographs from his incoming mail.

After screening the Complaint, the Court dismissed Jones' Complaint and entered judgment in the defendants' favor on June 2, 2010. *See* R. 8 and 9.[2] The Court dismissed Jones' First Amendment claims, finding that the various TRULINCS provisions were rationally related to legitimate government interests, *i.e*, efficient mail handling and maintaining security. R. 8, pp. 11-23; *see also Jones*, 2010 WL 2228355 at *6-*10. The Court found that Jones' refusal to comply with the TRULINCS mailing label requirement prevented him from perfecting administrative appeals challenging the policy, not the defendants' actions. *Id*. R. 8, p. 19 and 21.

---

[1] One of the disciplinary convictions dated back to 2008. The other one was imposed in January 2010, when Jones refused to obey a staff member's order directing him to affix the TRULINCS mailing label to his outgoing mail. Jones did not allege that he lost good-time credit as result of either disciplinary conviction.

[2] Jones' numerous claims, and the Court's disposition of them, are set forth in detail in the Memorandum Opinion and Order ("the Opinion and Order") dismissing the Complaint R. 8. The Opinion and Order is available at Westlaw as *Jones v. Daniels*, No. 6:10-CV-00088-GFVT, 2010 WL 2228355 (E.D. Ky. June 2, 2010).

The Court concluded that two named defendants had no liability for damages under the doctrine of *respondeat superior*; that Jones did not properly challenge his two disciplinary convictions, noting that those challenges lacked merit because he did not allege the loss of good time credits; and that Jones admitted that he had not exhausted his final claim challenging the confiscation of a photograph in 2009. *Id*., pp. 19-23.

By separate Order, the Court denied Jones' motion for a temporary restraining order, finding that because his First Amendment claims lacked merit, he could not demonstrate the likelihood of success on any of those claims, which is a prerequisite to ordering emergency injunctive relief. R. 6., p. 3. Jones did not appeal the June 2, 2010, Orders and took no further action in this proceeding until September 22, 2010, when he filed a renewed motion seeking *in forma pauperis* status and various other motions.

## CURRENT MOTIONS

In his motion to amend/correct, R. 13, Jones asserts claims which allegedly arose after he filed his original complaint and seeks the joinder of three new defendants, all employees of USP-McCreary. He asserted the following claims:

(1) That on March 24, 2010, USP-McCreary mail staff refused to process almost 200 pieces of outgoing mail which did not have the preprinted addressee mailing labels;

(2) That on March 24, 2010, he refused to retrieve his non-compliant outgoing mail from the mail-room, and was charged with "Refusing to Obey an Order;"

(3) That on March 25, 2010, the Utilization Disciplinary Committee found him guilty of the above charge without considering all of the evidence;

3

(4) That on May 5, 2010, he attempted to send five pieces of outgoing mail without the preprinted labels, and those five pieces were returned to him on that date;

(5) That between April 2, 2010 and May 20, 2010, USP-McCreary staff members prevented his filing administrative grievances complaining about the TRULINCS;

(6) That USP-McCreary staff members threatened and intimidated him because he was exercising his right to send outgoing legal mail.

In his motion seeking a temporary restraining order, Jones asks that USP-McCreary staff members be prohibited from further enforcement of the TRULINCS outgoing mail label requirement. R. 14. Jones also seeks the recusal of Judge Gregory F. Van Tatenhove, who formerly presided over this proceeding. R. 15. Finally, Jones seeks either reconsideration of the dismissal of his Complaint or a rehearing. R. 16. In that 39-page motion, Jones alleged that the Court misconstrued his claims; erroneously determined that his challenge to the TRULINCS mailing label requirement lacked merit; and erroneously determined that the defendants prevented him from administratively exhausting his claims.

## DISCUSSION
### 1. Renewed Motion for In Forma Pauperis Status

On June 2, 2010, the Court granted Jones *in forma pauperis* status; assessed an initial partial filing fee of $1.85; and directed that other periodic payments be remitted. *See* Order, R. 7. Accordingly, Jones' current motion seeking pauper status, R. 11, will be denied as moot.

### 2. Motion for Reconsideration/Rehearing

The Court dismissed Jones' Complaint on June 2, 2010. Under Federal Rule of Civil Procedure 59(e), a party has 28 days in which to ask a district court to alter or amend its

judgment. A court may alter a judgment pursuant to Rule 59(e) only if it is based upon a clear misunderstanding of the controlling law or the issues, or where, after entry of the judgment, the parties discover previously-unavailable and material evidence, or there is an intervening change in the controlling law. *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003); *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

Jones did not file his motion for reconsideration until September 22, 2010, almost four months after dismissal. The Court will examine his motion under Federal Rule of Civil Procedure 60(b), which permits a court to relieve a party from a final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).[3]

A Rule 60(b) motion may only be granted for one of the enumerated reasons. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). Jones' motion for reconsideration does not satisfy any of Rule 60(b)'s criteria. The Court has properly construed all of Jones' numerous claims. This was not

---

[3] The time for an appeal has expired. A Rule 60(b) motion cannot be used as a substitute for an appeal, and an appeal from an order denying Rule 60(b) relief does not bring the underlying judgment up for review. *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7 (1978); *Kersh v. Balan*, 28 F.3d 1213, *1, 1994 WL 284097 (6th Cir. 1994) (Table).

easy, as Jones' 24-page Complaint was supplemented with over 100 pages of attachments. The Court could have rejected the Complaint, *sua sponte*, because it violated the letter and spirit of Rule 8(a) and (e), which requires a short, plain and concise statement of the plaintiff's claims and relief. As another federal court aptly put it:

> [n]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format.

*Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (citing *Windsor v. Colorado Dep't. of Corr.*, 9 Fed. App'x. 967, 968 (10th Cir. 2001) (quotation marks omitted)).

Further, Jones does not allege facts indicative of mistake, inadvertence, surprise, excusable neglect; new evidence which could not have been discovered by due diligence in time to seek relief under Rule 59(b); or fraud as required by Rule 60(b)(2). Jones simply disagreed with the Opinion and Order and repeated essentially the same challenges to TRULINCS and the other issues raised in his Complaint. As the court observed in *Johnson*, such an "approach may be appropriate for an appeal on the merits," but it fails to establish entitlement to the extraordinary relief available under Rule 60(b)(6). *Johnson*, 357 F.3d at 543 (holding that a motion which simply rehashes previous arguments is insufficient to invoke Rule 60(b) relief).

Jones' motion also fails under Federal Rule of Civil Procedure 60(b)(6), which permits relief from judgment for any other reason. "Courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *See Blue Diamond*

*Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Jones does not present an unusual or extreme situation justifying equitable relief.

### 3. Motion to Amend/Correct Complaint and Motion for Temporary Restraining Order

Jones alleges that on March 24, 2010 and May 5, 2010, USP-McCreary officials rejected his outgoing mail as non-compliant under TRULINCS, and convicted him of refusing to Obey an Order when he refused to retrieve his noncompliant outgoing mail. Jones filed this action on March 26, 2010, but did not amend his Complaint to include these allegations *prior to* the dismissal on June 2, 2010. After his case was dismissed, he waited until over three months to assert these allegations. He did not use due diligence in asserting the more recent claims.

Jones raised two primary arguments in his Complaint: (1) that PS 5265.13, particularly the TRULINCS mailing label requirement, is unconstitutional, and (2) that in January 2010, he was unfairly charged with a disciplinary infraction for refusing to comply with the outgoing mailing label requirement. Applying under *Turner v. Safley*, 482 U.S. 78 (1987), the Court found that all challenged aspects of PS 5265.13, specifically the outgoing mailing label requirement, were reasonably related to legitimate penological interests.

In his motion to amend, Jones asserts the same claims he raised in his original Complaint, but listed two more recent dates and three new USP-McCreary officials. Even if the Court viewed those allegations as "new" claims, amendment would not be warranted. Rule 15(a) governs motions for leave to amend pleadings, and states in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and

7

leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).[4] While this is a liberal standard, amendment is improper if there is evidence of delay, prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 767 (6th Cir. 2005).

Jones' original First Amendment claims were futile, as are the identical claims raised in his motion to amend. Allowing amendment of the Complaint would be prejudicial to the defendants and an abuse of discretion. Likewise, a temporary restraining order is not warranted. Jones repeats the same arguments he asserted in his earlier motion seeking the same relief. The motion to amend/correct and the motion for a temporary restraining order will be denied.

4. Motion to Recuse Judge Gregory F. Van Tatenhove

On September 23, 2010, the Court entered an order re-assigning this proceeding to the undersigned. R. 17. Accordingly, Jones' motion to recuse will be denied as moot.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Patrick A. Jones' Motion to Proceed *in forma pauperis*, R. 11, is **DENIED** as **MOOT**;

(2) Jones' Motion to Amend or Correct Complaint, R. 13, is **DENIED**;

---

[4] Some courts have held that once judgment has been entered, a court can only entertain a motion to amend the complaint if the judgment is first reopened under a Rule 59 or Rule 60 motion. *See Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997) (upholding district court's refusal to allow a plaintiff to amend the complaint after judgment had been entered where the plaintiff did not first move to set aside the judgment); *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) (same).

8

(3)     Jones' Motion for Temporary Restraining Order, R. 14, is **DENIED**;

(4)     Jones' Motion for Recusal, R. 15, is **DENIED** as **MOOT**; and

(5)     Jones' Motion for Reconsideration or Rehearing, R. 16, is **DENIED**.

This October 26, 2010.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge